IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICHOLAS-JON PARTIN dba ALANNA NICOLE PARTIN, | Civ No. 6:19-cv-1948-AA<br>**OPINION AND ORDER** |
| Plaintiff, | |
| vs. | |
| AARON GEVATOSKI; SCOTT JACKSON; JIM YON; CONNOR MCCAHILL; ANDREW JOHNSON; DAKOTAH KEYS; JASON VAN ECK; ERIC KONZELMAN; BENTON COUNTY SHERIFF'S OFFICE; BENTON COUNTY CIRCUIT COURT; LINN COUNTY SHERIFF'S OFFICE; LINN COUNTY CIRCUIT COURT; OREGON STATE POLICE ALBANY STATION; OREGON STATE POLICE OSU CAMPUS DIVISION; SWEET HOME POLICE DEPARTMENT; OREGON DEPARTMENT OF JUSTICE; STATE OF OREGON, | |
| Defendants. | |

AIKEN, District Judge:

Page 1 – OPINION AND ORDER

Plaintiff Nicholas Jon Partin dba Alanna Nicole Partin[1] seeks leave to proceed *in forma pauperis* ("IFP") in this action. In addition to the Complaint (doc. 1), plaintiff has filed a "Motion for Injunction and Remandation [sic] to Federal Court for Motion for Answer of Federal Question and Rights Violations then Anything Remaining Ap[p]licable Return to Proper Venue as Determined by Magistrate" (doc. 2), which this Court interprets as a Motion for Preliminary Injunction. For the reasons set forth below, the Complaint (doc. 1) is DISMISSED with leave to amend as to all claims brought pursuant to 42 U.S.C. § 1983. As to plaintiff's remaining claims, the Complaint (doc. 1) is DISMISSED with prejudice. Likewise, plaintiff's Motion for Injunction (doc. 2) is DENIED.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may

---

[1] Plaintiff's Complaint (doc. 1) lists the plaintiff as "ALANNA NICOLE PARTIN MN ANC 1058427200026" but is signed by Nicholas-Jon Partin, the "AUTH REP / NAME HOLDER TO ALANNA." However, based on documentation (doc. 1-2) attached to the Complaint, this Court infers that Alanna Nicole Partin is an assumed business name and alias of Nicholas-Jon Partin.

be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the

complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

The Complaint in this case offers minimal facts and is largely unintelligible. From what the Court can best gather, plaintiff is facing multiple state-level criminal charges in Benton County Circuit Court and in Linn County Circuit Court, respectively. Doc. 1-2 at 2-5; 7-15. Although plaintiff appears to have filed this complaint on behalf of a Minnesota business by the name of Alanna Nicole Partin ("ANP"), documents attached to the Complaint (doc. 1-2 at 6) reveal that ANP is an assumed business name, not a separate legal entity. This fact alone undercuts a large portion of plaintiff's claims, which appear to allege that state and local officials wrongfully pursued and filed charges against plaintiff's business, ANP, which plaintiff argues is "NOT A LIVING BEING."[2]  Doc. 2 at 3:3.

Drawing upon this underlying claim of mistaken identity and a related arrest stemming from a November 18, 2018 traffic stop, plaintiff alludes to various criminal and constitutional violations committed by a wide assortment of law enforcement officers and government entities. Doc. 2 at 1-3. Plaintiff seeks money damages as well as injunctive relief to enjoin the defendants from pursuing additional criminal charges against plaintiff. Doc. 1 at 5.

/ / /

---

[2] Plaintiff goes on to argue that he is wrongfully being held "in peonage" for the debts of ANP. Doc. 2 at 5:14.

I.    *Potential Immunity of Defendants*

As a preliminary matter, the Court notes that longstanding immunity doctrines may limit plaintiff's ability to seek damages against some, if not all, of the named defendants. Plaintiff has identified, for example, Deputy Aaron Gevatoski, Sheriff Scott Jackson, Oregon State Trooper Dakotah Keys, Linn County District Attorney Connor McCahill, the Linn and Benton Circuit Courts, the Oregon State Police, the Oregon Department of Justice, and the State of Oregon. Setting aside the question of whether plaintiff intended to pursue liability against any of these listed defendants in their individual capacity,[3] many if not all of the government entities listed are likely immune from civil liability pursuant to the doctrine of sovereign immunity. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011) (explaining that states are immune from suit "except as altered by the plan of the Convention or certain constitutional amendments") (*quoting Alden v. Maine*, 527 U.S. 706, 713 (1999)); *see generally* U.S. Const. amend. XI. Absent a waiver or specific legislation abrogating such immunity, federal courts may not entertain a private citizen's suit against a state. *Id.* at 254. Plaintiff has not presented evidence of a waiver by the state, nor does plaintiff seek relief under any statute which provides for an abrogation of state sovereignty.

/ / /

/ / /

---

[3] If plaintiff in fact intended to pursue damages against any of the listed defendants in their individual capacities, the doctrine of qualified immunity presents additional concerns.

II.   *Abstention Concerns*

Plaintiff's complaint appears to stem from multiple ongoing criminal charges filed against plaintiff in both Benton County and Linn County, Oregon. Under the Supreme Court holding in *Younger*, however, a federal court may not intervene by injunction or declaratory judgment in a pending state court criminal proceeding except under extraordinary circumstances where the threat of irreparable injury is "both great and immediate." *Younger v. Harris,* 401 U.S. 37, 46 (1971). Similarly, the Anti-Injunction Act states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Pursuant to these doctrines of federal abstention, this Court is not convinced, based on the allegations in the complaint, that interference with plaintiff's ongoing state court proceedings would be warranted or appropriate. Plaintiff should be mindful of these restrictions should he seek to amend his complaint.

III.   *Failure to State a Claim*

As explained above, the federal IFP statute directs a court to assess, in part, whether an action fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Plaintiff seeks relief under numerous federal statutes, and the Court will assess each of these claims in turn.

/ / /

/ / /

A.  *Claims Brought Under 18 U.S.C. § 227, 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 1581, and 18 U.S.C. § 1661*

To start, plaintiff seeks relief under five criminal statutes, including 18 U.S.C. § 227 (Wrongfully influencing a private entity's employment decisions by a Member of Congress or an officer or employee of the legislative or executive branch), 18 U.S.C. § 241 (Conspiracy against rights), 18 U.S.C. § 242 (Deprivation of rights under color of law), 18 U.S.C. § 1581 (Peonage; obstructing enforcement), and 18 U.S.C. § 1661 (Robbery ashore). Federal criminal statutes, however, do not provide a basis for a private cause of action and must be prosecuted by the Attorney General. *Frost v. Robertson*, 2009 WL 735690, at *16 (D. Idaho Mar. 19, 2009). Plaintiff has failed to cite, and the Court is unable to locate, any authority to support a civil cause of action for violations of these provisions. Therefore, these claims are dismissed with prejudice for failure to state a claim upon which relief may be granted.

B.  *Claims Brought under 42 U.S.C. § 12203*

Plaintiff also seeks relief under 42 U.S.C. § 12203 (Prohibition against retaliation and coercion), a miscellaneous provision of 42 U.S.C. §§ 12101 *et. seq.*, also known as the Americans with Disabilities Act of 1990 ("ADA"). Section 12203 is clear, however, in that it applies to retaliatory actions taken as a result of an individual's opposition to any of the acts or practices "made unlawful by this Act." 42 U.S.C. § 12203(a). Plaintiff has failed to identity, and the Court is unable to locate, any claim made under the ADA which might give rise to a retaliation claim under § 12203. Therefore, this claim is also dismissed with prejudice for failure to state a claim upon which relief may be granted.

C.    *Claims Brought Under 42 U.S.C. § 1983*

Last, plaintiff seeks relief under 42 U.S.C. § 1983 (Civil action for deprivation of rights). Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn. v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, a plaintiff must allege both (1) the deprivation of a right secured by the federal Constitution or statutory law, and (2) that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). Plaintiff refers to various violations of the U.S. Constitution which, although not explicitly stated, this Court presumes to have been made under § 1983. I will assess each of the alleged Constitutional violations in turn to determine whether plaintiff has stated a plausible § 1983 claim for relief.

1.    *Second Amendment Claim*

The Second Amendment protects the individual right to keep and bear arms for the purpose of self-defense. *McDonald v. City of Chicago*, 561 U.S. 742, 749-50 (2010). Importantly, this right is limited: for example, states have long forbidden the possession of firearms by felons and the mentally ill. *District of Columbia v. Heller*, 554 U.S. 570, 626.

Plaintiff claims that two firearms were seized from his vehicle during a traffic stop by Deputy Aaron Gevatoski. Doc. 2 at 2:22. The mere occurrence of a firearm seizure during a traffic stop, however, is not enough to establish a Second Amendment violation. Police seize and confiscate firearms routinely, and this Court

will not presume that each and every one of those seizures is an automatic Second Amendment violation without specific facts indicating such. Plaintiff has not provided sufficient factual support to state a claim under the Second Amendment that is plausible on its face given the numerous limitations on an individual's right to bear firearms. However, cognizant of the lenity allowed to *pro se* parties, the Court dismisses plaintiff's Second Amendment claim asserted under § 1983 with leave to amend the claim.

2.   *Fourth Amendment Claims*

The Fourth Amendment protects individuals against "unreasonable searches and seizures" by the government. *Terry v. Ohio*, 392 U.S. 1, 8-9 (1968). Due to the disjointed nature of plaintiff's filings, it is hard to tell exactly what actions may have constituted a Fourth Amendment violation in this case. As plaintiff is *pro se*, however, the Court has attempted to discern the various Fourth Amendment claims alleged given the minimal facts provided.

First, plaintiff appears to argue that his temporary detention by Deputy Gevatoski constituted an unreasonable seizure violative of the Fourth Amendment. The temporary detention of a motorist constitutes a "seizure" within the meaning of the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809-10 (1996). The decision to temporarily detain a motorist is "reasonable" where law enforcement has probable cause to believe that a traffic violation has occurred. *Id*. at 810. If no probable cause is found for the initial stop, the temporary seizure of a motorist may still be found reasonable upon a balancing all relevant factors. *Id*. at 817. Plaintiff

alleges that Deputy Gevatoski unlawfully seized his vehicle on November 18, 2018, "using the guise of a fallen license plate." Doc. 2 at 1:18. Even construed liberally, however, this fact alone is not enough to establish an unreasonable seizure which violates the Fourth Amendment. On the contrary, this fact, if taken as true, establishes that Deputy Gevatoski had the requisite probable cause needed to temporarily detain plaintiff. Again, there are simply not enough facts to indicate whether this temporary detainment was reasonable in light of the circumstances.

Second, plaintiff appears to allege that the supposed warrantless search of his vehicle constituted an unreasonable search in violation of the Fourth Amendment. The warrantless search of a vehicle by law enforcement is reasonable, though, where the officer has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. *Terry*, 293 U.S. at 27. An officer need not be certain that the individual is armed; the question is "whether a reasonably prudent [person] in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Id*.

Plaintiff claims that Deputy Gevatoski performed a warrantless and unauthorized search of the vehicle after plaintiff refused to provide identification upon request, which plaintiff argues "isn't a crime." Doc. 2 at 2:7. Plaintiff also indicates that Deputy Gevatoski claimed to have seen a weapon, although plaintiff refutes this fact. Doc. 2 at 2:9. With the minimal facts provided, the Court finds that plaintiff has failed to present a plausible claim of an unlawful search violative of the Fourth Amendment.

Third, plaintiff appears to allege excessive force by Deputy Gevatoski. A police officer's use of force in any seizure of a person is analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989). "Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. (internal citations omitted). Plaintiff alleges that Deputy Gevatoski "committed armed assault upon the traveler Alanna-nicole : Partin via Taser." Doc. 2 at 2:1. With this allegation and nothing more, there are simply not enough facts present to establish a plausible excessive force claim.

In sum the Court cannot determine whether defendant has stated a plausible claim  for a violation of the Fourth Amendment,  Therefore, the Court dismisses plaintiff's Fourth Amendment claims asserted under § 1983 with leave to amend.

3.   *Sixth Amendment Claim*

The Sixth Amendment guarantees the right to a speedy trial and to an impartial jury. U.S. Const. amend. VI. Determining whether a delay violates the Sixth Amendment involves "a balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Here, however, plaintiff has not provided any specific facts which the Court

might use to assess whether a delay has plausibly occurred which would violate the Sixth Amendment. Plaintiff merely states that the courts "have failed to follow speedy trial rules." Doc. 2 at 6:21-22. Plaintiff also references vague allegations of tardiness and unexplained absences by various attorneys, none of whom are identified. Doc. 2 at 6:23-25. These facts are insufficient to establish a Sixth Amendment claim. Again, mindful of the lenity afforded to *pro se* parties, the Court dismisses plaintiff's Sixth Amendment claim asserted under § 1983 with leave to amend.

4. *Eighth Amendment Claim*

The Eighth Amendment protects individuals against excessive bail, excessive fines, or the infliction of cruel and unusual punishments. U.S. Const. amend. VIII. Plaintiff's filings, however, are devoid of facts or details to support an Eighth Amendment claim. Accordingly, the Court dismisses plaintiff's Eighth Amendment claim asserted under § 1983 with leave to amend.

IV. *Federal Rule of Civil Procedure 8*

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The complaint as it stands now does not contain a short and plain statement of the claims asserted; in fact, the only way the Court is able to make sense of the complaint is through the details provided in the Motion for Injunctive Relief. If plaintiff chooses to resubmit an amended complaint, plaintiff is advised that the complaint itself must comply with Rule 8.

V.    *Plaintiff's Motion for Injunctive Relief*

The legal standard for preliminary injunctive relief requires a litigant to demonstrate that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 571 F.3d 960, 978 (9th Cir. 2009) (internal citations omitted). Given the complaint's deficiencies detailed above, the Court finds that there is no showing of likelihood of success on the merits at this time. Moreover, the federal abstention doctrine detailed in *Younger* appears to bar the very relief plaintiff seeks given the ongoing nature of the underlying state court proceedings. Accordingly, plaintiff's Motion for Injunctive Relief (doc. 2) is denied.

## CONCLUSION

For the reasons set forth above, the Complaint (doc. 1) is DISMISSED. Plaintiff is granted leave to amend his claims brought under 42 U.S.C. § 1983. The remaining claims referenced in the Complaint (doc. 1) are DISMISSED with prejudice. Similarly, the Motion for Injunctive Relief (doc. 2) is DENIED. The Court reserves ruling on plaintiff's IFP application until the submission of an amended complaint.

/ / /

/ / /

/ / /

/ / /

Plaintiff shall have thirty (30) days in which to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time may result in the entry of a judgment of dismissal.

IT IS SO ORDERED.

Dated this  10th  day of August, 2020.

                        /s/Ann Aiken

                         Ann Aiken
                United States District Judge